## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY BROWN, JR., | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | **CIVIL NO. 05-cv-493-MJR** |
| vs. | ) | |
| | ) | **CRIMINAL NO. 01-cr-30123** |
| UNITED STATES of AMERICA , | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Following a jury trial, Petitioner was found guilty on two counts involving the distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(C). On May 8, 2002, he was sentenced to an aggregate term of life imprisonment, six years supervised release, a fine of $25,000, and a special assessment of $200. On appeal, Petitioner challenged the sufficiency of the evidence against him as well as the admissibility of certain evidence. These arguments were rejected; his conviction was affirmed. *United States v. Brown*, 328 F.3d 352, 358 (7th Cir. 2003), *cert. denied*, 540 U.S. 1113 (Jan. 12, 2004).

In his § 2255 motion, Petitioner now argues that he is actually innocent of the criteria used to deem him a career offender and actually innocent of the enhancements used to increase his sentence. Essentially, he argues that his sentence is invalidated by *Blakely v. Washington*, 124 S.Ct.

2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). Therefore, for purposes of § 2255, Petitioner's conviction became final on January 12, 2004, and he needed to file his § 2255 motion by January 12, 2005. However, Petitioner did not file the instant motion until July 13, 2005, six months too late.[1]

None of the exceptions to the statute of limitations can alter this finding. Petitioner's primary basis for this action is the rule "newly recognized" in *Blakely* and *Booker*. However, the Seventh Circuit already has held that *Blakely* and *Booker* are not applicable retroactively to convictions final

---

[1] Petitioner contends that his "actual innocence claim . . . eliminates the one-year statu[t]e of limitation" (*see* Doc. 2 at 1), but this contention is simply without merit.

prior to *Booker* decision, which was rendered January 12, 2005.  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Therefore, this § 2255 motion is barred by the statute of limitations, and the Court does not have jurisdiction to consider Petitioner's claims.  Accordingly, the motion is **DENIED**, and this action is **DISMISSED.**  Dismissal shall be *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that the holdings of *Blakely* and *Booker* apply retroactively.

**IT IS SO ORDERED.**

**DATED this 1st day of December, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**